IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY REESE MCMILLAN,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-1938-G-BH |
| | ) | |
| **PATRICK RICHMOND, et al.,** | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

### I. BACKGROUND

Plaintiff, a resident of Austin, Texas, filed this action on October 14, 2009. (*See* Pl.'s First Compl. ("Compl.") at 1.)[1] Pursuant to 42 U.S.C. § 1983, he sues Deputy Patrick Richmond of the Kaufman County Sheriff's Office and Natalie Jean Williams ("Williams"), a resident of Kaufman County. (*Id.* at 1-3.) The complaint sets out his version of the relevant facts. (*See id.*)

Plaintiff owned professional tools, equipment and materials that were stored in Williams garage. (*Id.* at 2.) Late on October 2, 2007, Plaintiff and Williams argued via telephone and text messages about money and the prospect of her pawning Plaintiff's tools. (*Id.*) After Plaintiff arrived at Williams' home, they continued to argue in person into the early hours of the next morning. (*Id.*) When Plaintiff went to retrieve his tools, Williams called 911, hung up, and reported "an intruder" when a 911 operator called back. (*Id.*) After Deputy Richmond and other officers responded to the call, Plaintiff directed the officers to the locations of his tools in the garage and explained "that he lived there, that he had text-messages to and from Williams, [and] that he had a

---

[1] The four-page complaint is unnumbered.

key to the door". (*Id.*) Deputy Richmond took the key and spoke to Williams to verify Plaintiff's information. (*Id.*) He then handcuffed Plaintiff "extremely tightly (in a way designed to hurt his wrists)," and arrested him for burglary with intent to commit an aggravated assault with a deadly weapon. (*Id.*) In an effort to secure Plaintiff's release later that morning, Williams attempted to retract her "false allegations" but Plaintiff "was kept in jail with bail set at $50,000." (*Id.* at 3.) Plaintiff was unable to post bond until October 15, 2007. (*Id.*) Within two days of his release, the charges against him were dropped. (*Id.*)

Based on these facts, Plaintiff sues both Defendants for impairing his constitutional rights to due process, equal protection, and to be free from unreasonable seizures. (*Id.* at 1-3.) He also sues Deputy Richmond for assault and false imprisonment. (*Id.* at 3.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009).

### III. STATUTE OF LIMITATIONS

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 against a Kaufman County resident and a deputy of the county. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff bases his complaint on acts that occurred between October 3 and 17, 2007, but filed this action on October 14, 2009. "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Courts "may raise the defense of limitations *sua sponte*." *Stanley*, 464 F.3d at 568 (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in actions filed under 42 U.S.C. § 1983, *i.e.*, the state's limitations period for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, that limitations period is two years. *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008). Accordingly, Plaintiff had two years from the date his § 1983 claims accrued to file suit. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir.


2008), *cert. denied*, No. 08-9606, 2009 WL 908804 (Oct. 5, 2009). In general, a claim accrues "when the plaintiff has "a complete and present cause of action" or, stated differently, "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted). Consistent with such general statements, the Fifth Circuit has held:

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *accord*, *Walker*, 550 F.3d at 414. However, a distinctive accrual rule applies to claims of false arrest or imprisonment; such claims accrue when the alleged false imprisonment ceases. *Wallace*, 549 U.S. at 389.

Plaintiff's claims in this case accrued more than two years before he commenced this action. The complaint establishes that he knew the factual basis for his claims on October 3, 2007, when he was arrested and detained under a $50,000 bond.[2] In addition, his alleged false imprisonment ended when bond was judicially imposed on that date, not when he was released on bond on October 15, 2007, or when the charges were dropped within a couple days. *See id.* at 389-90. Because Plaintiff did not file this action until October 14, 2009, more than two years after the events of October 3, 2007, his § 1983 claims appear time-barred.

Absent an applicable tolling provision, the Court may summarily dismiss his § 1983 claims as untimely. *Gartrell*, 981 F.2d at 257. Unless he provides a proper basis for tolling, his complaint

---

[2] Plaintiff indicates that bond was set on October 3, 2007, the same day of his arrest and the alleged attempt by Williams to secure his release by retracting her false allegations. (*See* Compl. at 3.)

should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2) for his failure to file it within the statutory periods of limitations. Plaintiff makes no attempt to excuse the untimeliness and provides no basis for equitable tolling under Texas or federal law.[3]

### IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as untimely pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he provides a proper basis for tolling within the ten-day period he has to file objections to this recommendation.

**SIGNED this 22nd day of October, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] When a court borrows a forum state's statute of limitations, it also generally borrows the tolling principles of that state. *Wallace*, 549 U.S. at 394. Although the state tolling principles primarily guide the courts, they "may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Ry. Express Agency*, 421 U.S. 454, 465 (1975). The courts may "disregard an otherwise applicable state rule of law only if the state law is 'inconsistent with the Constitution and laws of the United States.'" *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980) (quoting 42 U.S.C. § 1988). If a state lacks a tolling provision necessary to give effect to the federal policy underlying § 1983 actions, federal tolling principles might apply. *See Wallace*, 549 U.S. at 394-95 (majority holding that the circumstances did not warrant adopting a federal tolling rule); *Wallace*, 549 U.S. at 402 (Breyer, J. dissenting) (stating that "[i]f a given state court lacks the necessary tolling provision . . . § 1983 . . . permits the federal courts to devise and impose such principles).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE