B#
ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

NOV -6 2009

CLERK, U.S. DISTRICT COURT
By ND
    Deputy

| | | |
|---|---|---|
| BILLY REESE McMILLAN, JR. | § | |
| | § | CIVIL ACTION |
| V. | § | |
| | § | NO: 3:09-CV-1938-G-BH |
| DEPUTY PATRICK RICHMOND (of KCSO) | § | |
| & NATALIE JEAN WILLIAMS | § | |

### PLAINTIFF'S VERIFIED OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS AND RECOMMENDATION

TO THE HONORABLE SENIOR U.S. DISTRICT JUDGE A. JOE FISH:

COMES NOW Plaintiff BILLY REESE McMILLAN, JR., files his VERIFIED OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION ["FCR"], and, in support thereof, respectfully shows the following:

1. U.S. Magistrate Judge Ramirez concluded in her FCR that the instant lawsuit was filed untimely, i.e., after the 2nd year point from the **October 3, 2007**, accrual of the **42 U.S.C. § 1983** cause of action.

2. Plaintiff McMillan feels his lawsuit was filed timely because of both factual and legal reasons. Although his State causes of action state only **Assault** and **False Imprisonment**, his **42 U.S.C. § 1983** cause of action also includes an allegation of **Malicious Prosecution**. The reason **Malicious Prosecution**, as well as **Libel** [for Deputy Richmond] and **Slander** [for Ms. Williams], are not listed as separate State causes of action in the COMPLAINT is that these latter three causes of action have only a **1-year** Statute of Limitation in Texas.

3. Factually, Plaintiff did not know the necessary facts to truthfully allege a **§ 1983** cause of action until after he was released from jail on **October 15, 2007**, and had a chance to speak to Defendant Ms. Williams. Only then was he certain that Deputy

Richmond had lied[1] in his Probable Cause Affidavit (to the Magistrate who set the $50,000 bail) in order to get him charged with a First Degree Felony offense. Until then, Plaintiff was not sure if Ms. Williams had told more lies to Deputy Richmond about Plaintiff besides pointing to Plaintiff as the "intruder." Because Plaintiff had surrendered his house keys to Deputy Richmond, the latter was in a position to know that Plaintiff was not an intruder. When Plaintiff went before the Magistrate, the Magistrate set the bail *without asking Plaintiff any questions, solely based on the false allegations stated in Deputy Richmond's Probable Cause Affidavit.*

4. When, as here, a § **1983** cause of action is based primarily on allegations of **Malicious Prosecution**[2], the § **1983** cause of action does *not* **accrue** until the criminal charges are dropped on or about **October 17, 2009**. "If a state criminal defendant brings a federal civil-rights lawsuit *during the pendency*[3] *of his criminal trial*, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Davis v. Zain,* 79 F.3d 18, 19-20 (5th Cir. 1996). "We do not engraft an exhaustion requirement upon § **1983**, but rather *deny the existence of a cause of action.* Even a prisoner who has fully exhausted available state remedies has **_no cause of action under § 1983_** *unless and until the conviction or sentence is reversed,* expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 489, 114 S. Ct. 2364, 2373 (1994). "Just as a cause of action for **malicious prosecution** does not

---

[1] There is a **public policy** concern in properly limiting § **1983** causes of action to only those extreme cases when public servants *intentionally* [in the instant case, by means of a *false* Probable Cause *Affidavit*] violate citizens' Constitutional rights; otherwise, every NOT GUILTY verdict and every dismissed criminal prosecution would result in a § **1983** action.

[2] In cases of **malicious prosecution**, we deal with violations of the DUE PROCESS & EQUAL PROTECTION clauses of the FOURTEENTH AMENDMENT, as opposed to the FOURTH AMENDMENT violations implicit in a **false arrest** and **false imprisonment** claims.

[3] As the attached ORDER from the Hon. Judge Sam Sparks of the Western District of Texas shows, when a § **1983** action is filed during the *pendency of the criminal action*, it is DISMISSED as premature: "The legal issues are **probable cause** [etc.] these issues will be determined in the criminal case. If those issues are determined adversely to [Plaintiff], he will have no cause of action pursuant to the allegations he has made in his complaint. If the criminal charges are concluded in favor of [Plaintiff], **then and only then** would he be able to file a lawsuit pursuant to **42 U.S.C. § 1983**." *Calvin v. Hull,* no: A-06-CA-344-SS.

accrue until the criminal proceedings have *terminated* [charges are **dismissed**] in the plaintiff's favor, so also a *§ 1983 cause of action* for damages attributable to an unconstitutional conviction or sentence ***does not accrue*** *until the conviction or sentence has been invalidated." Id.,* 512 U.S. at 489-90, 114 S. Ct. at 2374.

5. "[For] a **false arrest** claim, damages ... cover the time of **detention up until issuance of process** or arraignment, but not more. *From that point on, any damages recoverable must be based on a **malicious prosecution** claim and on the wrongful use of judicial process rather than detention itself." Wallace v. Kato,* 549 U.S. 384, 390, 127 S. Ct. 1091, 1096 (2007). Thus, the **13 days** that Plaintiff spent in jail and the funds that his family advanced to post the **$50,000 bail** come under a claim of **malicious prosecution**.

6. "**False arrest** and **false imprisonment** overlap; the former is a species of the latter." *Id.,* 549 U.S. at 388, 127 S. Ct. at 1095. Mr. Wallace originally had a claim of **malicious prosecution** also but that cause of action, among other state and federal claims, was dismissed by the trial court. *Id.,* 549 U.S. at 387 n. 1, 127 S. Ct. at 1094 n. 1; *Wallace v. City of Chicago,* 440 F.3d 421, 423 (7th Cir. 2006). Thus, Plaintiff's claims are different from Mr. Wallace's claims in *Kato*. Even Plaintiff's **false imprisonment** claim is different from most other such claims, which normally end when the magistrate sets bail. Because Plaintiff's magistrate never communicated with Plaintiff and solely relied on Deputy Richmond's *false* Affidavit, Plaintiff's **false imprisonment** cause of action did not **accrue** until his release from jail on **October 15, 2007**. "A person who merely gives law enforcement authorities information may not have **directed** or **requested** a subsequent arrest. But *when that person* [much like our 2 Defendants] *knowingly gives false information*, he cannot complain if the law assumes that the subsequent arrest was made to carry out his request. Such a person has **instigated** the arrest, and **false imprisonment**'s causation requirement is satisfied." *Wal-Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 509 (Tex. 2002). "[A] defendant satisfies

**malicious prosecution**'s causation requirement when he '**procures**' the criminal proceedings at issue.... [M]uch like the **false imprisonment** rule, merely reporting a crime and the suspected criminal to law enforcement authorities does not constitute **procurement** of criminal proceedings when the authorities exercise discretion in deciding whether to prosecute [but] a person reporting criminal conduct to the authorities [like the magistrate who set Plaintiff's $50,000 bail] may nevertheless be considered to have **procured** the proceedings *if he* [much like our 2 Defendants] *provides information which **he knows is false**.*" *Id.*

PRAYER FOR RELIEF:

WHEREFORE, PREMISES CONSIDERED, because the **42 U.S.C. § 1983** claims of Plaintiff MCMILLAN are *primarily* based on **malicious prosecution**, they only **accrued** when criminal charges were DISMISSED on **October 17, 2007**, Plaintiff submits that his Complaint was filed *timely* and respectfully requests that U.S. Magistrate Judge Ramirez' FCR be OVERRULED and the case be allowed to proceed with service of summonses.

Respectfully submitted,

*/s/ Billy R. McMillan Jr.*
Billy R. McMillan, Jr.,
Plaintiff *pro se*
1132 Denfield Street,
Austin, Texas 78721
512-926-7161

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared, Plaintiff BILLY REESE McMILLAN, JR., who, after being by me duly sworn, stated under oath as follows:

I verify that the statements made in the foregoing OBJECTIONS are true and correct to the best of my knowledge.

*Billy R. McMillan, Jr.*

Billy R. McMillan, Jr.

SUBSCRIBED AND SWORN TO before me on this 5 th day of November, 2009.

*Debra Ann Cook*

Notary Public in and for
The State of Texas



DEBRA ANN COOK
Notary Public, State of Texas
My Commission Expires
May 05, 2013

## Certificate of Service

Because Defendants have not yet been served with summonses, nobody needs be served with the foregoing OBJECTIONS.

*Billy R. McMillan, Jr.*

Billy R. McMillan, Jr.

