# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BILLY REESE MCMILLAN, § | | |
|      Plaintiff, § | | |
| vs. § | | No. 3:09-CV-1938-G-BH |
| § | | |
| PATRICK RICHMOND, et al., § | | |
|      Defendants. § | | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of referenced dated December 16, 2010, this case has been referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, Plaintiff's remaining defamation and malicious prosecution claims should be **DISMISSED**.

## I. BACKGROUND

### A. Factual Background

Plaintiff owned professional tools, equipment and materials that were stored in Natalie Jean Williams' ("Williams") garage in Kaufman County, Texas. (*See* Pl.'s First Compl. ("Compl.") at 2.)[1] Late on October 2, 2007, Plaintiff and Williams argued via telephone and text messages about money and the prospect of her pawning Plaintiff's tools. (*Id.*) After Plaintiff arrived at Williams' home, they continued to argue in person into the early hours of the next morning. (*Id.*) When Plaintiff went to retrieve his tools, Williams called 911, hung up, and reported "an intruder" when a 911 operator called back. (*Id.*) After Kaufman County Deputy Sheriff Patrick Richmond and other officers responded to the call, Plaintiff directed the officers to the locations of his tools in the garage and explained "that he lived there, that he had text-messages to and from Williams, [and] that he had a key to the door". (*Id.*) Deputy Richmond took the key and spoke to Williams to verify

---

[1] The four-page complaint is unnumbered.

Plaintiff's information. (*Id*.) He then handcuffed Plaintiff "extremely tightly (in a way designed to hurt his wrists)," and arrested him for burglary with intent to commit an aggravated assault with a deadly weapon. (*Id*.) In an effort to secure Plaintiff's release later that morning, Williams attempted to retract her "false allegations", but Plaintiff "was kept in jail with bail set at $50,000." (*Id*. at 3.) Plaintiff was unable to post bond until October 15, 2007. (*Id*.) Within two days of his release, the charges against him were dropped. (*Id*.)

**B. Procedural Background**

Plaintiff filed this suit under 42 U.S.C. § 1983 against Deputy Richmond and Williams on October 14, 2009. (*See Id*. at 1.) He claimed that Deputy Richmond and Williams impaired his constitutional rights to due process, equal protection, and to be free from unreasonable seizures, and that Deputy Richmond assaulted and falsely imprisoned him. (*Id.* at 1-3.)

On October 22, 2009, Findings, Conclusions and Recommendations ("FCR") were issued recommending that Plaintiff's complaint be dismissed with prejudice as untimely unless he provided a proper basis for tolling withing the time to file objections. (*See* doc. 4.) Plaintiff filed objections on November 6, 2009, contending that he did not know the necessary facts to allege a § 1983 cause of action until after he was released from custody on October 15, 2007, and that he also sought to bring a claim of malicious prosecution. (*See* doc. 5.) On November 12, 2009, the district judge accepted the FCR and entered judgment. (*See* docs. 6-7.) Plaintiff filed a notice of appeal on December 12, 2009. (*See* doc. 8.) On November 2, 2010, the Fifth Circuit court affirmed the dismissal of his false imprisonment claim but remanded this case to permit Plaintiff to assert his malicious prosecution claim. *See McMillan v. Richmond*, 400 Fed. App'x 878, at *2 (5th Cir. 2010).

In response to a questionnaire, Plaintiff asserted claims against the Defendants for malicious

prosecution and defamation.[2] (Doc. 15 at 1-3.) He explained that he did not file these claims as separate independent state causes of action because the statute of limitations is one year and he "was filing [his] suit towards the end of the second year." *Id.*

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. STATUTE OF LIMITATIONS

Plaintiff has filed this action under to 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of

---

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

constitutional norms." *Id.*

Plaintiff bases his complaint on acts that occurred between October 3 and 17, 2007, and he filed this action on October 14, 2009. He now complains that Williams committed slander by making false reports to the 911 dispatcher and to Deputy Richmond, on October 3, 2007.[3] (Doc. 1 at 1-2; Doc. 15. at 2.) He also contends that Williams' false reports gave rise to Deputy Richmond's libel and to the malicious prosecution, stating that "through [Deputy Richmond's] Probable Cause Affidavit (which I have not yet seen), he must have *intentionally* Libeled me because he caused the Magistrate to set a high bond ($50,0000) for a First Degree Felony charge he knew I did not commit." (Doc. 15 at 2 (emphasis original).) Plaintiff further contends that Deputy Richmond lied in the probable cause affidavit in order to get him charged with a first degree felony offense. (Doc. 5 at 1-2.)

"[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Courts "may raise the defense of limitations *sua sponte*." *Stanley*, 464 F.3d at 568 (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, the statute of limitations for a tort claim of defamation claim is one year. *See College*

---

[3] The Court assumes, without deciding, for purposes of screening Plaintiff's § 1983 cause of action against Williams that she acted in concert with Deputy Richmond "under color of state law" to deprive Plaintiff of his constitutional rights. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170–171 (1970). To support a § 1983 claim against a private party, a plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

*Network, Inc. v. Moore Educ. Pub., Inc.,* 378 Fed. Appx. 403, 407 (5th Cir. 2010); *Anderson v. U.S.*, 364 Fed. Appx. 920, 924 (5th Cir. 2010). The statute of limitations for malicious prosecution claims is also one year. *See Roehrs v. Conesys, Inc.*, 332 Fed. App'x 184, 189 (5th Cir. 2009)(citing Tex Civ. Prac. & Rem. Code § 16.002(a) (West 2002)); *see also Internet Corporativo S.A. de C. V. v. Bus. Software Alliance, Inc.*, No. Civ. A. H–04–2322, 2004 WL 3331843, at *7 (S.D. Tex. Nov. 15, 2004) (citing Texas cases holding that a one-year statute of limitations applies to malicious civil prosecution claims). Accordingly, Plaintiff had one year from the date his § 1983 claims accrued to file suit. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008), *cert. denied*, No. 08-9606, 2009 WL 908804 (Oct. 5, 2009). In general, a claim accrues "when the plaintiff has "a complete and present cause of action" or, stated differently, "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *accord*, *Walker*, 550 F.3d at 414.

Plaintiff's pleadings establish that he knew the factual basis for his defamation claims on

5

October 3, 2007, when he was arrested and detained under a $50,000 bond.[4] His defamation claims therefore accrued on that date. Because he did not file suit until October 14, 2009, more than one year later, his § 1983 claims based on defamation are time-barred. Plaintiff makes no attempt to excuse his untimeliness and provides no basis for equitable tolling under Texas or federal law in response to the questionnaire. (*See* Doc. 15 at 3-4). Because he provides no proper basis for tolling, his defamation claim should be dismissed for failure to file it within the statutory periods of limitations.

As for his malicious prosecution claims, they accrued when the underlying criminal proceeding terminated in his favor. *See Horne v. Katzfey,* 252 F.3d 1356, *1 (5th Cir. 2001); *Ramming v. U.S.*, 281 F.3d 158, 162 (5th Cir. 2001) (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)). Based on Plaintiff's allegations that the trial court signed an order dismissing the charges against him on June 11, 2008, his malicious prosecution claims accrued more than one year before he filed suit on October 14, 2009. *See Roehrs*, 332 Fed. App'x at 189. Accordingly, Plaintiff's § 1983 claims based on malicious prosecution are also time-barred absent any applicable tolling provision.

When a court borrows a forum state's statute of limitations, it also generally borrows the tolling principles of that state. *Wallace*, 549 U.S. at 394. Although the state tolling principles primarily guide the courts, they "may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Ry. Express Agency*, 421 U.S. 454, 465 (1975). The courts may "disregard an otherwise applicable state rule of law only if the state law is 'inconsistent with the Constitution and laws of the United States.'" *Bd.*

---

[4] Plaintiff states that bond was set on October 3, 2007, the same day as his arrest and the alleged attempt by Williams to secure his release by retracting her false allegations. (*See* Compl. at 3.)

*of Regents v. Tomanio*, 446 U.S. 478, 485 (1980) (quoting 42 U.S.C. § 1988). If a state lacks a tolling provision necessary to give effect to the federal policy underlying § 1983 actions, federal tolling principles might apply. *See Wallace*, 549 U.S. at 394-95 (majority holding that the circumstances did not warrant adopting a federal tolling rule); *Wallace*, 549 U.S. at 402 (Breyer, J. dissenting) (stating that "[i]f a given state court lacks the necessary tolling provision . . . § 1983 . . . permits the federal courts to devise and impose such principles).

As with his defamation claim, Plaintiff makes no attempt to excuse his untimeliness and provides no basis for equitable tolling under Texas or federal law. (*See* Doc. 15 at 3-4). He did not state when he learned that the charges had been dismissed, only that he was under the impression that they had been dropped on October 17, 2007, and that he recently obtained a disposition sheet showing that the charges had been dropped on June 11, 2008. *Id.* Because he provides no proper basis for tolling, his malicious prosecution claim should also be dismissed for failure to file it within the statutory periods of limitations.

## IV. RECOMMENDATION

Plaintiff's § 1983 claims for defamation and malicious prosecution should be **DISMISSED** with prejudice as untimely pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** this 8th day of April, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE